IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| Marcia Sweatt, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>Carnival Corporation, )<br>d/b/a Carnival Cruise Lines, *in personam* )<br>and the M/V CARNIVAL VICTORY, )<br>her engines, tackle, gear, appurtenances, etc., )<br>*in rem*, )<br>)<br>      Defendants. )<br>_____) | Civil Action No. |

## PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT

COMES NOW Marcia Sweatt, Plaintiff in the above-captioned action, and, complaining of the Defendants, avers before this Honorable Court, upon information and belief, as follows:

### Jurisdiction

1.   This is an admiralty and maritime claim within the subject matter jurisdiction conferred on this Honorable Court by 28 U.S.C. § 1333. Plaintiffs hereby invoke Fed. R. Civ. P. 9(h);

### Applicable Law

2.   This action arises under and is governed by the General Maritime Law of the United States, the Passenger Vessel Act, 46 U.S.C. § 3501 et. seq., the common and statutory law of the state of South Carolina, and all other laws and regulations supplementary, amendatory and/or promulgated thereto;

## Parties

3. Plaintiff is a citizen, resident, and domiciliary of the State of South Carolina;

4. Carnival Corporation (Carnival) is a Panamanian corporation with its principal place of business in Miami, Florida;

5. Carnival owns, manages, and/or operates several cruise lines, including Carnival Cruise Lines, which regularly conduct business within the State of South Carolina, particularly the Port of Charleston.

6. Carnival and owns, manages, charters, and/or operates various passenger vessels which regularly call upon the passenger terminal of the Port of Charleston.

7. The M/V CARNIVAL VICTORY is a self-propelled, Panamanian Flag for-hire passenger vessel bearing IMO no. 9172648, which calls upon the passenger terminal of the Port of Charleston, and which will be within this district and the Jurisdiction of this Honorable Court while this action is pending.

8. Defendant Carnival Corporation is and was at all times material hereto the owner, operator, owner *pro hac vice,* and/or managing agent of the CARNIVAL VICTORY.

## Facts

9. At some time prior to March 2006, Plaintiff purchased tickets for her and her husband for a scheduled cruise aboard the CARNIVAL VICTORY;

10. On or about February 26, 2006, Plaintiff, her husband, and other passengers boarded the CARNIVAL VICTORY for the purpose of taking a seven-day cruise;

11. Among other amusements, the CARNIVAL VICTORY has a water park area which includes pools and a water slide;

12. The water slide is designed such that passengers enjoying the slide travel at rates of speed sufficient that centripetal force propels them to the upper sides of the curves, such being the nature and point of water slides in general.

13. When passengers are using the water slide, the nature of the design described in the previous paragraph allows water to slosh over the side and onto the deck below.

14. The deck below the water slide and an adjacent walkway are composed of teak or some other wood which allows the water from the slide to pool as it accumulates. This condition occurred daily during use of the water slide, and in fact had resulted in minor injury to another passenger on this cruise. Accordingly, Carnival employees had actual or constructive knowledge of this dangerous condition.

15. On March 4, 2006, Plaintiff was walking from to pool area towards her cabin along the walkway which proceeds beside the water slide, where water had been allowed to pool, when she slipped in the pool of water and fell onto her side.

16. As a result of the fall described above, Plaintiff suffered a fractured humerous and other rotator cuff and injuries to her upper extremities.

17. Further, physicians and medical personnel employed by Carnival, having examined Plaintiff, failed to diagnose such injuries and provide appropriate treatment and medication during the remainder of the cruise.

### First Cause Of Action Against All Defendants
### (Negligence)

18. Plaintiff restates and realleges each and every allegation contained in the above paragraph, as if restated verbatim here;

3

19. The negligence of the defendants, their agents, servants or employees, acting individually or concurrently contributed in some way to the Plaintiffs' injuries as follows:

    a. Failing to adequately design the vessel in a manner which would prevent pooling of water on the deck;

    b. Failing to rectify or account for the ongoing water accumulation;

    c. Failing to warn passengers of a known dangerous condition;

    d. Failing to provide adequate medical assistance; and

    e. Other acts of negligence which will be shown at the trial of this cause.

20. Plaintiffs have sustained the following principal elements of damages:

    a. Loss of wages;

    b. Medical expenses;

    c. Loss of fair market value of household services;

    d. Pain and suffering;

    e. Mental anguish;

    f. Loss of enjoyment of life;

    g. Prejudgment value of services hired;

    h. Emotional distress; and

    i. Other damages which may be proven at the trial of this cause.

21. As a result of the foregoing, plaintiff is entitled to, and hereby claims, a maritime lien.

### Plaintiff's Prayer

**WHEREFORE**, based on the foregoing, Plaintiff prays:

a. That Defendant be cited to appear to answer all matters aforesaid; and

b.   that a writ, *in rem*, be issued to arrest the CARNIVAL VICTORY; that it be sold, and the proceeds thereof be distributed pursuant to Order of the Court, Plaintiff's claim taking priority over all other claims.

c.   That judgment be entered for Plaintiff against Defendants for all general and special damages known to the law, in an amount it less than $100,000.00, plus prejudgment interest, attorney's fees, and all taxable costs of the action, as provided by Maritime, Statutory, and State law applicable hereto.

RESPECTFULLY SUBMITTED:

ROBERTSON & HOLLINGSWORTH

By:   s/DAVID B. MARVEL
      Federal I.D. No. 7957
      177 Meeting Street, Suite 300
      Charleston, South Carolina 29401
      Phone (843) 853-4877
      Fax (843) 853-4879
      Email: dbm@roblaw.net
      *Attorney for Plaintiff*

Charleston, South Carolina
March 2, 2007

5

# VERIFICATION

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BEFORE ME, the undersigned authority, personally came and appeared, David B. Marvel, who after being duly sworn, did depose and say:

1. That he is with the law firm of Robertson & Hollingsworth, attorney for Plaintiff;

2. That he has read the above and foregoing Complaint and knows the contents thereof;

3. That the same are true and correct to the best of his knowledge and belief;

4. That the source of his knowledge is information provided by the Plaintiff and other witnesses; and

5. That the undersigned is authorized by Plaintiff to make this Complaint and Verification.

DAVID B. MARVEL
ATTORNEY FOR PLAINTIFF

Sworn to and subscribed before
me this 2nd day of March, 2007.

Notary Public for the State of South Carolina
My Commission Expires: 4/27/2010